ORDER AND OPINION
FRED LOMAYESVA, Justice.
This is an appeal from a final judgment filed on October 16, 2009. The notice of appeal was filed on November 6, 2009.
BACKGROUND
The Appellant and Appellee were married. There were three children as a result of the marriage. On May 21, 2008, the Appellant filed her Petition for Dissolution of Marriage. At the time of the Decree of Dissolution was filed, only one child was considered as a basis for child support. The parties entered a stipulation regarding the terms of the dissolution. The terms of the stipulation were in large part incorporated into the terms of the final decree. The Appellant on appeal asserted that the trial court failed to apply *340 Hopi tradition and custom. She argued that had the trial court applied Hopi tradition and custom, then the allocation of debts and her request would have been different.
At oral argument, the Appellant asserted that she was not in disagreement with the terms of the decree, but she wanted the Appellee to pay his share of the debts and the child support. We find that the Appellant has abandoned her position that Hopi customary law should be applied and that she had at trial stipulated to the other property and support terms of the divorce. We therefore dismiss the appeal so the Appellant can pursue enforcement of the terms of the decree before the trial court.
During oral argument, the Court was also advised that the Tribal Court had declined to rule on Appellant’s repeated requests for orders to show cause due to the defendant’s noncompliance with the divorce decree. This Court notes that while the Tribal Court normally loses jurisdiction to modify orders or otherwise proceed with matters pending on appeal, it does retain jurisdiction to rule on post-trial motions or any effort to enforce orders that have not been stayed even while an appeal in the matter is pending.
SO ORDERED.